## NEW-YORK COMMON PLEAS.

AMOS S. WETZEL, administrator, &c. agt. PETER SCHULTZ.

Whenever there is an order directing the payment of *costs*, a process in the nature of a *fieri facias* may issue against the personal property of the party directed to pay them, *without application to the court*, on the expiration of the time allowed for payment. [*The conflicting cases reported on this question, examined.*]

*Special Term, Nov.*, 1856.

THIS is an application for leave to issue an execution against the defendant to collect costs, which were ordered to be paid by the defendant, by order of Judge DALY, made June 25, 1856.

P. Y. CUTLER, *for motion.*
A. R. LAWRENCE, JR., *opposed.*

BRADY, Justice. The counsel for the plaintiff seemed to think an application necessary, inasmuch as the right to issue the execution depended upon the contempt of the defendant in not complying with the order, and the consequent necessity of satisfying the court that such contempt had been committed.

The decisions on the subject are conflicting. In *Eckerson* agt. *Spoor*, (4 *How. Pr. R.* 361,) and *Boyce* agt. *Bates*, (8 *How. Pr. R.* 495,) application was held to be necessary; and in *Lucas* agt. *Johnson*, (6 *How. Pr. R.* 121,) and in *Mitchell* agt. *Westervelt*, (*id. p.* 265—*affirmed at page* 311,) the opposite view is entertained.

In the former case the view expressed is, that the process is founded on *the order of the court* directing the payment, and *not* on the contempt of the party in not paying the costs.

This seems to be a rational interpretation of the statute of 1847, the language of which is, " Process in the nature of a *fieri facias* against personal property may be issued for the col-

lection of such costs, founded on such order of the court. (*Sess. Laws*, 1847, *p.* 494.)

Justice HAND, in *Mitchell* agt. *Westervelt*, places the right to issue the execution on the ground that, by the act of 1840, (*Sess. Laws*, *p.* 333,) a precept to enforce the payment of costs might issue without demand or application to the court, and that the act of 1847 only substituted process against goods for that against the body, without changing the practice in obtaining it. I think this view is correct, and approve also of the construction of the statute of 1847, adopted in *Lucas* agt. *Johnson*, *supra*, although it may be doubted whether the words, founded on such order of the court, may not refer to the order *directing the execution to issue*.

Wherever, therefore, there is an order directing the payment of costs, a process, in the nature of a *fieri facias*, may issue against the personal property of the party directed to pay them, without application to the court, on the expiration of the time allowed for payment. If irregularly issued—that is, not in conformity with the order, or before the expiration of the twenty days allowed for payment—the party proceeded against will be relieved on motion, or can enforce his remedy by action. His adversary assumes the responsibility, and must respond if in error.

No costs to either party on this motion.